Filed 7/19/13  P. v. Quinton CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIC QUINTON,<br><br>    Defendant and Appellant. | D063231<br><br><br><br>(Super. Ct. No. SCS172950) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Law Offices of Russell S. Babcock and Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2003, Eric Quinton was convicted of making criminal threats (Pen. Code,[1] § 422).  He admitted two serious/violent felony prior convictions ("strike priors") within

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

the meaning of section 667, subdivisions (b) through (i). Quinton was sentenced to an indeterminate term of 25 years to life.

Following the passage of Proposition 36 (Three Strikes Reform Act of 2012), Quinton filed a petition to recall his sentence pursuant to section 1170.126. The trial court denied Quinton's petition finding that his 2003 conviction for criminal threats was a serious felony and thus Quinton was not eligible for sentence modification.

Quinton filed a timely notice of appeal.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising a possible, but not arguable issue. We offered Quinton the opportunity to file his own brief on appeal, but he has not responded.[2]

## DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating he is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Although counsel has not separately set out the possible, but not arguable, issue as required by *Anders, supra*, 386 U.S. 738, counsel has cited *Anders*, and the record and brief make clear there is only one possible issue. That issue is whether Quinton, who is serving a third strike sentence following his 2003 conviction for a serious felony with two strike priors, is eligible for sentence

---

[2] The facts of the underlying offense are not relevant to the issues before this court. Thus we will omit the traditional statement of facts.

modification under Proposition 36.  He is not eligible for sentence modification given that his third strike conviction was for a serious felony.

We have reviewed the entire record in accordance with *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, and have not found any arguable appellate issues.  Competent counsel has represented Quinton on this appeal.

## DISPOSITION

The order denying Quinton's petition for sentence modification is affirmed.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.

3